UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Allan Lewis

v.

The Hynes Group and Briar Ridge
Estates, et al.

Civil No. 21-cv-597-LM
Opinion No. 2022 DNH 016 P

**O R D E R**

This is a housing case in which the plaintiff, Allan Lewis, seeks to invoke this court's federal subject matter jurisdiction to obtain declaratory, injunctive, and monetary relief, arising from state-court orders mandating that he vacate a mobile home.  Doc. no. 1.  Defendants Strafford County Superior Court Judge Mark E. Howard and the New Hampshire Judicial Branch (collectively, the "Judicial Defendants") have moved to dismiss Lewis's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, arguing, among other things, that Lewis's claims are barred by state sovereign immunity, judicial immunity, and other doctrines that strip this court of jurisdiction.  Doc. no. 9.  In addition, defendants the Hynes Group and Briar Ridge Estates (collectively "Briar Ridge"[1]) who have joined in the Judicial Defendants' jurisdictional challenge (doc. no. 15), have separately moved for summary judgment on Lewis's pending claims (doc. no. 14).

Stripped of legal labels and conclusions, Lewis's complaint fails to establish that this court has subject matter jurisdiction to consider his claims against the Judicial Defendants, who are immune from suit.  Additionally, it is clear from the

---

[1] Briar Ridge Estates is the registered trademark of a mobile home park in Rochester, NH.  The Hynes Group is not a legal entity, but it manages Briar Ridge Estates.

face of the pleadings that the <u>Rooker</u>-<u>Feldman</u> doctrine deprives the court of

jurisdiction over the remaining claims against Briar Ridge regarding the validity of

Lewis's tenancy and his subsequent eviction.  Because the <u>Rooker</u>-<u>Feldman</u> doctrine

implicates the court's subject-matter jurisdiction, the court may consider the issue

sua sponte.  <u>Klimowicz v. Deutsche Bank Nat'l Tr. Co.</u>, 264 F. Supp. 3d 309, 315 n.4

(D. Mass. 2017).  As such, the court grants the Judicial Defendants' motion to

dismiss the claims against them on immunity grounds, and sua sponte dismisses

the remaining claims against Briar Ridge for lack of subject matter jurisdiction

## BACKGROUND

The facts are drawn from Lewis's complaint and the state-court litigation

documents it references.  See <u>Gilbert v. City of Chicopee</u>, 915 F.3d 74, 80 (1st Cir.

2019).  The court takes judicial notice of the state-court action that underlies

Lewis's claims for relief.  See <u>Kowalski v. Gagne</u>, 914 F.2d 299, 305 (1st Cir. 1990)

("It is well-accepted that federal courts may take judicial notice of proceedings in

other courts if those proceedings have relevance to the matters at hand.").

I.    <u>Lewis's State-Court Lawsuit to be Recognized as a Tenant</u>

Allan Lewis is a New Hampshire resident who, until recently, resided in a

mobile home in the Briar Ridge mobile home park located in Rochester, New

Hampshire.  According to Lewis, he moved into the mobile home with his purported

common-law wife Lynn Lombard in 1989.

Lombard passed away in 2019, and Lewis subsequently filed an application

to place the mobile home in his name, which Briar Ridge ultimately rejected.

Around that same time, Lewis also informed Briar Ridge that the water meter in

the mobile home was frozen and needed to be fixed.  In response, Briar Ridge

asserted that Lewis was at fault, that the meter would cost approximately $600 to repair, and that they would need the money upfront before commencing work.  The demand for upfront payment purportedly violated the mobile home park's rules and regulations, which, according to Lewis, provided that the park owner would bill tenants for repairs at the end of the month.  As a result of his disputed tenancy and this water-meter issue, Lewis filed a civil suit for declaratory and injunctive relief in Strafford County Superior Court and requested, among other things, an emergency hearing for injunctive relief.[2]

On March 4, 2020, Judge Howard held an emergency hearing on Lewis's motion and, the next day (March 5), issued the following order on Lewis's request for an injunction:

> Upon hearing, the defendant is ordered to repair or replace, as necessary, the plaintiff's water meter as required in the park rules and regulations.  The expense of repair or replacement must be paid by the plaintiff per park rules and regulations.  The plaintiff is ordered to install immediately, at his expense, sufficient heating tape, skirting, and other insulation as required by park rules and regulations in order to prevent freezing.

Doc. no. 1 at 2 (quoting Order on Request for Inj., <u>Lewis v. Brier Ridge Estates</u>, No. 219-2020-cv-065 (N.H. Super. Ct., Strafford Cnty., Mar. 5, 2020)); <u>see</u> <u>also</u> doc. no. 9-5 (copy of Mar. 5, 2020 Order).  Lewis alleges that upon receiving this decision, he "believed he had won his case" to be recognized as a legally protected tenant because "why else would the trial court . . . order [him] to do the repairs requested

---

[2] Copies of Lewis's state-court complaint and emergency motion have been filed by the Judicial Defendants and listed in this proceeding as doc. nos. 9-2 and 9-3, respectively.

by [Briar] Ridge Estates to prevent the water pipe from freezing if [he] was not a tenant?"  Doc. no. 1 at 2 (spelling and capitalization altered).

II.    Lewis's Default and the Court's Entry of Final Judgment

    The set of facts below come from the public docket for Lewis's state court case, Lewis v. Brier Ridge Estates, No. 219-2020-cv-065 (N.H. Super. Ct., Strafford Cnty.), and the publicly available documents filed therein (also filed as attachments in this case).

    On March 5, 2020, Briar Ridge answered Lewis's state-court complaint and filed a counterclaim for "common law ejectment."  Doc. no. 9-6;  see also doc. no. 1 at 2.  Briar Ridge asserted that Lewis was not a "tenant" of the mobile home park because he was not the title owner of the mobile home, nor had he ever paid rent or other consideration to the park.  Moreover, Briar Ridge asserted that even if Lewis were a tenant, he had violated multiple sections of the park's rules and regulations, which justified his eviction.  Thereafter, Briar Ridge propounded interrogatories on Lewis about several topics, including his criminal record and creditworthiness, which he refused to answer.  See id. at 3-4, 12.  According to Lewis, he refused to answer because Judge Howard's March 5, 2020 Order gave him an affirmative defense that he was a protected tenant, and thus he had "no legal obligation to comply with any interrogatories concerning [his] criminal record or credit rating."  Id. at 12 (capitalization altered).

    Given Lewis's failure to respond, Briar Ridge moved for a conditional default (doc. no. 9-8), prompting the Superior Court to issue a Notice of Conditional Default on December 15, 2020 (doc. no. 9-9).  Then, one month later, on January 15, 2021, Briar Ridge moved for a default judgment based on Lewis's continuing refusal to

answer interrogatories (doc. no. 9-10).  Lewis objected to the motion for default

judgment, claiming, among other things, that he had no obligation to respond

because he had a "police record" but not a "criminal record."  Doc. no. 9-11; see also

doc. no. 1 at 3 (reasserting that the "ONLY Interrogatories that [he] ha[d] to answer

after March 5, 2020 [were] about the DAMAGES caused by [Briar's] actions").

Judge Howard granted Briar Ridge's motion and entered a default judgment

against Lewis (doc. no. 9-12) on February 10, 2021.  On March 2, 2021, Judge

Howard additionally issued a final decree of judgment that granted Briar Ridge's

counterclaims and ordered Lewis to vacate the mobile home (doc. no. 9-13).  Lewis

filed a motion to reconsider on May 21, 2021, after the time for such motions had

expired.  Doc. no. 14-1.  Similarly, he filed an untimely notice of appeal on June 25,

2021.  Moreover, he refused to vacate the mobile home.  As such, Briar Ridge moved

for a writ of possession (doc. no. 9-14), which Judge Howard issued on June 7, 2021

(doc. no. 9-15).

Lewis reports that, as a result of Briar Ridge and the Judicial Defendants'

actions, he has been "locked out" of the mobile home since July 12, 2021.  Doc. no. 1

at 2-3.  On August 11, 2021, the New Hampshire Supreme Court dismissed Lewis's

appeal of his eviction as untimely, noting that the time for appeal was within 30

days from the superior court clerk's written notice of the decision on the merits, and

thus Lewis's appeal should have been filed on or before April 5, 2021.  Doc. no. 14-1.

Moreover, on October 2, 2021, Judge Howard issued an order explaining that,

despite Lewis's numerous post-judgment filings and appeals, Lewis's state-court

litigation was "closed" in the Superior Court.  Notice of Decision, Lewis v. Brier

Ridge Estates, No. 219-2020-cv-065 (N.H. Super. Ct., Strafford Cnty., Oct. 2, 2021).

III.   Lewis's Two-Part Complaint

Lewis divides his complaint, filed with this court on July 12, 2021, into two parts.

In the first part, Lewis seeks declaratory and injunctive relief from all orders made by Judge Howard after March 5, 2020, including those evicting Lewis from the mobile home.  Lewis asserts that the March 5, 2020 Order constituted a final judgment in favor of Lewis's claim that he was a tenant protected from eviction under N.H. Rev. Stat. Ann. § 205-A:1.  Doc. no. 1 at 1-2.  Lewis contends that, in light of the March 5, 2020 Order purportedly recognizing his tenancy, he was under no "legal obligation" to respond to the state-court defendants' interrogatories about his criminal record, and that, as a result, Judge Howard lacked the authority to enter a default judgment and a writ of possession based on Lewis's refusal to respond.  Id.  He additionally argues that the Judicial Defendants evicted him without notice or a fair trial, in violation of the Fourteenth and Seventh Amendments and that the final default judgment and eviction orders deprived him of his judicially confirmed tenant rights under state law.  See id. at 2-3 (citing N.H. Rev. Stat. Ann. § 205-A:1).

In the second part, Lewis states four causes of action against Briar Ridge regarding their efforts to evict him.  Count One contends that Briar Ridge breached its service agreement with Lewis by attempting to "extort" him to pay $600 upfront before commencing repairs on his water meter, and by treating him differently on the basis of race.  Id. at 9-11.  Count Two asserts that Briar Ridge employed fraudulent and unfair business practices to misrepresent Lewis's status as a lawful tenant, in order to unlawfully evict him.  Id. at 11-12.  Count Three claims that Briar Ridge "deceived" the Superior Court into depriving Lewis of his constitutional

6

rights to due process and a jury trial by putting forth, in his view, fabricated or misleading testimony about his tenancy.  Id. at 13.  Finally, Count Four alleges that Briar Ridge intentionally inflicted emotional distress by using these allegedly fraudulent and deceitful tactics to illegally evict Lewis from the mobile home.  Id. at 13-16.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Consequently, the party invoking a federal court's limited jurisdiction carries the initial burden of proving that jurisdiction exists.  See Mangual v. Rotger-Sabat, 317 F.3d 45, 56 (1st Cir. 2003); Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

In determining whether this burden has been met at the motion-to-dismiss stage, the court accepts as true all well-pled factual allegations in a plaintiff's complaint and indulges all reasonable inferences in plaintiff's favor.  Katz v. Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012).  Because Lewis is proceeding without an attorney, the court construes his pleadings and filings liberally.  See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  The court, however, is not bound solely by the allegations in the pleadings and may consider outside materials to determine whether it has jurisdiction.  See Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002).  These materials include documents the authenticity of which are not disputed by the parties, official public records, documents central to plaintiff's claims, and documents sufficiently referred to in the complaint, Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013), as well as matters "susceptible to

judicial notice" like the underlying Superior Court action at issue, see Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008); Kowalski, 914 F.2d at 305.

## DISCUSSION

The threshold issue is whether this court has jurisdiction over Lewis's claims. This is because "[w]ithout jurisdiction[,] the court cannot proceed at all in any cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). In his complaint, Lewis asserts that this court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because his claims are based on violations of "the Seventh and Fourteenth Amendments to the U.S. Constitution." Doc. no. 1 at 7.

I.   State Sovereign and Judicial Immunity

The Judicial Defendants argue that they are immune from suit by the doctrine of state sovereign immunity, as recognized in the Eleventh Amendment, and the doctrine of judicial immunity, as modified by 42 U.S.C. § 1983. Doc. no. 9 at 8-12. The court agrees.

With respect to the New Hampshire Judicial Branch, the Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Long interpreted as an affirmation of state sovereign immunity, the Amendment (despite its literal text) also bars a citizen from bringing a federal court action against his or her own State, including instrumentalities of the state, such as state agencies." Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015) (citation and quotation marks omitted); accord Allen v. Cooper, 140 S. Ct. 994, 1000 (2020). Additionally, with respect to

8

Superior Court Judge Howard, § 1983 makes clear that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."[3] 42 U.S.C. § 1983.

There are certain exceptions to these doctrines, but Lewis's pleadings do not suggest that any of those exceptions apply. With respect to the New Hampshire Judicial Branch, Lewis does not allege that it has waived its immunity as an instrumentality of the State or that such immunity has been abrogated by an act of Congress.[4] See Allen, 140 S. Ct. at 1000 (discussing exceptions to state sovereign immunity for state waivers or Congressional abrogation).

With respect to Judge Howard, Lewis does not suggest the objected-to conduct (i.e., entering a final default judgment and ordering Lewis to vacate the mobile home) was non-judicial in nature. See Forrester v. White, 484 U.S. 219, 227 (1988) (noting distinction between judicial acts and non-judicial acts). Judge Howard is entitled to absolute judicial immunity from civil liability for money damages "for any normal and routine judicial act . . . no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).

_____

[3] In this context, "a declaratory decree refers to an order directing a particular judicial officer to take or refrain from taking a particular action in a particular dispute." Puiia v. Cross, No. 12-CV-54-PB, 2012 WL 3257824, at *3 (D.N.H. Aug. 8, 2012) (citation and quotation marks omitted).

[4] The New Hampshire Judicial Branch, as an agency of the State, also does not constitute a "person" for purposes of a claim under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002).

Lewis does not fare better seeking injunctive relief, because Section 1983 expressly limits the availability of injunctive relief against judges; it provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Lewis does not allege that any declaratory decree has been violated or that declaratory relief was unavailable in Lewis's state-court proceedings.  Judge Howard's March 5, 2020 Order—which simply granted in part Lewis's motion for emergency relief—did not constitute a final judgment on the merits, let alone a declaratory decree for purposes of § 1983.  See Puiia, 2012 WL 3257824, at *3.  As such, the court lacks the authority under § 1983 to grant Lewis's request for injunctive relief against Judge Howard.  Accordingly, the court dismisses all claims against the Judicial Defendants.

II.   Rooker-Feldman Doctrine

In the second part of his complaint, Lewis asserts several "civil rights" claims against Briar Ridge under the theory that they deceived Judge Howard and the New Hampshire Judicial Branch into depriving Lewis of his rights under federal and state law.  In effect, these claims seek to review and overturn the Superior Court's default judgment and writ of possession.  Accordingly, this court lacks jurisdiction to consider such claims.

The United States Supreme Court has exclusive jurisdiction over appeals from final state-court judgments.  28 U.S.C. § 1257.  For that reason, under the

Rooker-Feldman[5] doctrine, this court, like all lower federal courts, lacks jurisdiction to consider claims brought by "state-court losers" that challenge "state-court judgments" that were entered before the federal case began.[6]  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 64–65 (1st Cir. 2018).  This jurisdictional bar "is not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit.  Instead, the question is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment."  Klimowicz, 907 F.3d at 66 (citation omitted).

Here, Lewis's claims against Briar Ridge are exactly that—an attempted end-run around the Superior Court's final default judgment against him, entered on March 2, 2021, and the June 7, 2021 writ of possession that followed.  In his complaint, Lewis contends that Briar Ridge violated his rights by rejecting him as a tenant through unfair, deceptive, or fraudulent means and by seeking state-court orders requiring Lewis to vacate the mobile home.  As relief, Lewis asks this court to enjoin his "illegal," Superior-Court-ordered eviction, issued after that court entered a final default judgment against him.  Lewis also demands that Briar Ridge pay him monetary damages for their allegedly unlawful attempts to evict him.

---

[5] The Rooker-Feldman doctrine takes its name from two Supreme Court cases: Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923) and D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

[6] Though the First Circuit has not addressed the issue directly, other courts of appeals have ruled that the doctrine is equally applicable in cases involving an entry of default judgment by a state court.  See, e.g., Dorce v. City of N.Y., 2 F.4th 82, 103 (2d Cir. 2021); Hageman v. Barton, 817 F.3d 611, 616 (8th Cir. 2016); In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005); Crutchfield v. Countrywide Home Loans, 389 F.3d 1144, 1146 (10th Cir. 2004).

These claims and requests for relief, though framed as common-law fraud or breach-of-contract claims, are predicated on the assertion that Judge Howard's March 5, 2020 Order granting emergency relief was a final judgment on the merits in Lewis's favor.  Lewis asserts that as a result, the Superior Court lacked the authority to enter the March 2, 2021 final default judgment or to order that Lewis vacate the mobile home.  Lewis cannot evade the reach of the Rooker-Feldman doctrine by now "artful[ly] pleading" Briar Ridge's alleged misconduct as consumer protection, fraud, or breach-of-contract claims.[7]  See Klimowicz, 907 F.3d at 65.  Nor can he escape Rooker-Feldman's jurisdictional bar by "introducing a new legal theory in the federal forum that [may or may not have been] broached in the state courts."  Id. (citing Miller v. Nichols, 586 F.3d 53, 59 n.2 (1st Cir. 2009)); see also Tyler v. Sup. Jud. Ct. of Mass., 914 F.3d 47, 51 (1st Cir. 2019) (observing that the Rooker-Feldman doctrine bars jurisdiction even when plaintiff presents different arguments to the federal court than those raised in state court).  For Lewis to succeed with any of his claims, however stylized, this federal district court "necessarily would have to find that the state court orders and/or the defendants' alleged actions that lead to the orders violated" Lewis's rights.  Brochu v. Foley, No. 21-cv-384-JD, 2021 WL 2109659, at *3 (D.N.H. May 25, 2021) (quoting Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 33 (1st Cir. 2004)).  Such a determination would effectively overturn the Superior Court's final default judgment and subsequent orders granting relief, in contravention of the Rooker-Feldman doctrine's limits on a federal court's jurisdiction.

---

[7] According to the Superior Court Docket, Lewis's state-court claims included (i) attempted extortion, (ii) breach of contract, and (iii) infliction of emotional distress.  See Index #81, Lewis v. Brier Ridge Estates, No. 219-2020-cv-065.

Moreover, Lewis filed the federal-court action after the state-court proceedings "ended," as required by Rooker-Feldman.  See Exxon Mobil, 544 U.S. at 291 (doctrine applies when "the losing party in state court filed suit in federal court after the state proceedings ended") (emphasis added).  Whether state proceedings have "ended" for Rooker-Feldman purposes differs from whether the state-court decision was a "[f]inal judgment[ ] or decree [ ] rendered by the highest court of a State" that may be reviewed by the U.S. Supreme Court through a writ of certiorari under 28 U.S.C. § 1257.  See Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 24 (1st Cir. 2005).  For example, the First Circuit has noted that "if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended" for Rooker-Feldman purposes.  Federación de Maestros, 410 F.3d at 24.  Though Lewis filed multiple appeals to the New Hampshire Supreme Court, he did not file a notice of appeal of the March 2, 2021 final default judgment until June 25, 2021, well after the appeal period expired on April 5, 2021.  See doc. no. 14-1 at 1.  Moreover, Lewis did not file a motion to have the Superior Court reconsider its March 2021 decision until May 21, 2021, well after the ten-day deadline for filing such motions.  See N.H. Super. Ct. R. 12(e); doc. no. 14-1 at 1.  Accordingly, after the time to appeal the Superior Court's March 2021 default judgment expired, the state-court litigation had "ended" for purposes of the Rooker-Feldman doctrine.  See Federación de Maestros, 410 F.3d at 24.  The fact that after Lewis filed the federal complaint on July 12, 2021, the state court issued various rulings dismissing as untimely Lewis's post-judgment attacks on the state decision (and ultimately explaining that the Superior Court litigation was "closed"), does not alter the fact that Lewis

commenced the federal action after the time to appeal the state decision expired.
See id.

## CONCLUSION

For the foregoing reasons, the court grants the Judicial Defendants' motion
(doc. no. 9), dismisses all claims against both the Judicial Defendants and Briar
Ridge for lack of jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  Additionally, all other
pending motions in this matter are denied as moot, including Lewis's motions for
summary judgment (doc. nos. 11 & 12), Briar Ridge's motion for summary judgment
(doc. no. 14), Briar Ridge's motion for joinder (doc. no. 15), Lewis's motion for a
temporary injunction and speedy trial (doc. no. 18), Lewis's motion for an expedited
directed verdict (doc. no. 20), Lewis's motions for emergency injunctive relief (doc.
nos. 26 & 27), and Lewis's motion for leave to include additional damages (doc. no.
30).  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 16, 2022

cc:    Allan Lewis, pro se
       Kyle Patrick Griffin, Esq.
       Nathan W. Kenison-Marvin, Esq.